UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONTAY D. MARTIN, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:16-cv-00324-WTL-DKL |
| DUSHAN ZATECKY, Superintendent,[1] | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Dontay D. Martin for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 16-02-0066. For the reasons explained in this Entry, Martin's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v.*

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the petitioner's custodian, Superintendent Dushan Zatecky of the Pendleton Correctional Facility is properly substituted for Superintendent Richard Brown of the Wabash Valley Correctional Facility.

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On February 8, 2016, Internal Affairs Officer Robert Storm issued a Report of Conduct charging Martin with battery in violation of Code A-102. The Report of Conduct states, "On 1-28-2016, at approx. 7:43pm, I Investigator Robert Storm learned that offender Damon Ha[m]ton #248048, had been stabbed in the back on the north yard. Please see the attached investigation Report."

The accompanying Report of Investigation of Incident states:

> On 1-28-16, offender Damon Hampton #248048, was stabbed in the back. I Investigator Robert Storm conducted several interviews. During the interviews two different offenders (confidential informant #29, and confidential informant #30) named Dontay Martin as the assailant. Both informants were asked if they would be able to pick Martin out of a photo line-up. Both stated they would. A photo line-up was provided of six different offenders with similar facial features including skin color, and hair color. The photos were numbered 1-6. Both informants identified offender Martin.

Dkt. 8-1 at 2. Martin was notified of the battery charge on February 10, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Martin did not request any physical evidence, but he did request statements from four offender witnesses. Those witnesses include Offender Joe Myers, Offender Jeffery Hunt, Offender Josiah Thomas and Offender Damon Hampton. Dkt. 8-2. Based on this request the following statements were provided.

Offender Joe Myers states:

> Dontay was in my presence during the time when everything was going on, like I told I.A.; we left the gym, came to the dorm, when we saw some individuals trying to jump on another individual, we tried to stop it, but were unsuccessful. I never saw him hurt anyone, we were trying to stop this from happening. Check the cam[e]ra. It will show this.

Dkt. 8-3 (capitalization modified).

Offender Jeffery Hunt states, "I inmate [H]unt 247871 on the date of incident 1/28/16, did not witness inmate [D]ontay, Martin 149487 batter anyone or stab anyone." Dkt. 8-4.

Offender Josiah Thomas states, "I did not see him stab anyone outside or inside and I was with him the whole night." Dkt. 8-5.

Finally, Offender Damon Hamton, the stabbing victim, states, "Offender Hamton states that he does not know who this person is, so he will not write a statement for him." Dkt. 8-6.

Investigator Storm submitted an affidavit regarding the confidential informants used in the investigation, the relevant part of which reads:

> The confidential source{s} utilized in this investigation has/have been previously utilized and has/have proved to be accurate and reliable in the past, as represented to this investigator by personnel of the Internal Affairs Office of the Indiana Department of Corrections {IDOC}, which Office is the duly-designated keeper of confidential informant records for IDOC.
>
> . . .
>
> A confidential informant has provided information in this case resulting in the conclusion that [Dontay Martin] is guilty of the above-charged offense. I swear and affirm under the penalties for perjury that I have knowledge of the confidential informant, and that I believe the information provided to me in this case by the confidential informant is reliable and true.

Dkt. 8-9.

The Hearing Officer conducted a disciplinary hearing on February 18, 2016. Dkt. 8-10. The Hearing Officer noted Martin's statement:

> Concepcion tried to stab someone outside and when he came inside they jumped him. This was for just trying to stab someone. If I actually did stab someone why didn't they jump. That doesn't make any sense. I would be more comfortable if this 2 CI's were staff- they are inmates & they might have a grudge against me.

*Id.* The Hearing Officer relied upon the staff reports, the statement of the offender, witness statements, and the affidavit from Investigator Storm in determining that Martin had violated Code A-102. The sanctions imposed included a written reprimand, a loss of phone privileges, 6 months of disciplinary segregation, the deprivation of 120 days of earned credit time, and the demotion from credit class 1 to credit class 2. The Hearing Officer imposed the sanctions because of the seriousness of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Martin filed an appeal to the Facility Head. The appeal was denied on March 14, 2016. Martin then appealed to the Final Review Authority, who denied the appeal on April 5, 2016.

**C. Analysis**

In his Petition for Writ of Habeas Corpus, Martin seeks relief on the basis that there was insufficient evidence to find him guilty. Specifically he claims that his guilt should not have been determined based on the hearsay statements of two confidential informants and that the preponderance of the evidence presented at the hearing was in his favor.

Unfortunately for Martin his challenge to the sufficiency of the evidence must be rejected. This is because the "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content and surrounding circumstances of the conduct report and investigative report that Martin was guilty of battery. Specifically, Investigator Storm submitted an affidavit specifically outlining the reliability of the confidential informants. Such that the confidential informants separate and independent identifications of Martin as the one who stabbed Hamton in the back provide "some evidence" that

he violated Code A-102. *Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

The only way the Court could rule in favor of Martin is to accept his invitation that the Court reweigh the evidence—and that is an invitation the Court must reject. This is because, in reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989)). The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented.").

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Martin to the relief he seeks.

Accordingly, Martin's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/1/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

DONTAY D. MARTIN
149487
Pendleton Correctional Facility
Electronic Service Participant -- Court Only